(127 App. Div. 826.)

WEINERT v. MERCHANTS' & SHIPPERS' WAREHOUSE CO.

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1908.)

1. MASTER AND SERVANT — INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
  Whether an employé, injured while engaged in throwing loose sacks of flour on trucks in consequence of a pile of flour in sacks falling on him, was guilty of contributory negligence, *held* for the jury.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

**2. SAME—NEGLIGENCE.**

An employé in a warehouse was injured by a pile of flour in sacks falling on him. The pile had been placed in the warehouse before the employé came there to work. The employer's superintendent and foreman knew that the pile was dangerous and that it was unsafe to work close by it without knowing of the danger. The employé was not warned of the danger, which was unknown to him. *Held,* that the employer was liable for the injuries received.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 310, 316½.]

**3. SAME.**

It is the duty of an employer to furnish an employé a reasonably safe place to work, and this duty cannot be delegated to a superintendent or foreman, so as to relieve the employer from liability for negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 175, 392–410.]

**4. APPEAL AND ERROR—PERSONAL INJURIES—EXCESSIVE DAMAGES—REVIEW.**

The question of excessive damages in an action for personal injuries is a question of sound judgment of the court, and where the damages are excessive the court may reverse for that reason, unless plaintiff will stipulate to reduce the verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4462–4470.]

Spring and Kruse, JJ., dissenting in part.

Appeal from Trial Term, Erie County.

Action by Herman Weinert against the Merchants' & Shippers' Warehouse Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Conditionally affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hoyt & Spratt and H. E. Rourke, for appellant.
Stephen V. O'Gorman and John F. Ryan, for respondent.

WILLIAMS, J. The judgment and order should be reversed, with costs to the appellant to abide event, unless plaintiff stipulates to reduce verdict to $2,500, in which event judgment should be modified accordingly, and, as so modified, affirmed, without costs.

The action was brought to recover damages for personal injuries alleged to have resulted from defendant's negligence. The plaintiff was an employé in defendant's storage warehouse, where large quantities of flour in sacks were stored and handled. The flour came in by car loads of 250 to 280 sacks, weighing about 140 pounds each. Each car load was piled by itself in the warehouse, in five sections. The manner of constructing the piles is described in the record. It need not be stated here. The different car loads were piled close together. The sections of the same car load were a few inches only apart. After the flour was received in the warehouse it was mixed and repacked for reshipment, and in that work flour packers were employed and machinery used. Plaintiff was one of the men employed in and about this warehouse, handling the flour and loading and unloading it. There were eight men so engaged, under a foreman. Plaintiff never piled any of the flour in the warehouse, but had been working there for

some time before the accident, and was familiar with the manner in which the piles were constructed. At the time of the accident plaintiff and another workman were engaged in throwing loose sacks of flour upon trucks to be wheeled away by other workmen. They were near a car load pile, all but two sections of which had been removed by others. These two sections, left by themselves, and being 12 and 17 sacks high, respectively, were so insecure that they fell over, and plaintiff was caught under them and injured. Holmes, the foreman, and Schaeffer, the superintendent and manager, of defendant, were in the warehouse at the time of the accident. The foreman had directed the plaintiff to do the work he was engaged in, and testified on the trial that he knew the place where the plaintiff was set to work was dangerous by reason of the liability of the two sections of the piles of sacks to fall over, and yet failed to warn the plaintiff of the danger. Holmes also testified to conversations with Schaeffer, prior to the accident, as to the danger of the pile of which these two sections were part falling, and they were taking down and repiling the same at the time of the accident. Two of the five sections had been taken down and removed some days previous, and the other section was used in the mill, leaving the two in question still standing. The higher one was about 12 feet and the other about 8 feet high, and they were not braced or supported in any way.

The court submitted to the jury the question of contributory negligence of plaintiff, and in that there was no error. It also submitted the question of defendant's negligence, charging that it was defendant's duty to provide plaintiff with a reasonably safe place to work, or at least to warn him that the place was unsafe. In this I think the court was right. This pile had been placed in the warehouse before plaintiff came there to work. It was not put there by plaintiff's co-employés. The defendant's superintendent and foreman knew it was dangerous, and that it was unsafe to work close by it, certainly without knowing of its dangerous condition, so as to look out for it; and yet plaintiff was in no way warned of the condition of things, and left to take the chances of injury by reason of a danger unknown and unappreciated. Certainly the defendant should be held liable for injuries received under these circumstances. Simone v. Kirk, 173 N. Y. 7–13, 65 N. E. 739.

It was the duty of defendant to furnish plaintiff a reasonably safe place to work. This duty could not be delegated to a superintendent or foreman, so as to relieve the defendant from liability for negligence in this respect. There is no question here as to a detail of the work, or negligence of a co-employé. I think the right to recover was properly disposed of by the court and the jury.

I am, however, of the opinion that the verdict was excessive in amount, and that the judgment and order should be reversed for that reason, unless the plaintiff stipulates to reduce the verdict to $2,500 from $5,200. It is not necessary to discuss this question, or the evidence relating thereto, nor the reported cases. It is a question of sound judgment by the court.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact, unless the plaintiff, within

20 days, stipulates to reduce the verdict to the sum of $2,500 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. All concur, except SPRING and KRUSE, JJ., who vote for affirmance.